# Henry H. Gage

*v.*

# John J. McDermid.

*Filed at Ottawa June 19, 1894.*

1. Collaterals—*right of debtor to their return, on payment.* Where a debtor gives his note, secured by deed of trust, for a debt, as collateral security, and afterward, and as a further security, assigns to the creditor a mortgage given to him on the same premises, covenanting therein that he has the right to make such assignment, such debtor will only be bound to pay the indebtedness for which the collaterals were given, and upon such payment he will be entitled to a surrender of both collaterals.

2. Mortgage—*assignment after payment—whether a revival of the mortgage.* Where a mortgagor conveys the mortgaged premises to the mortgagee in payment of the debt, the lien of the mortgage will thereby be extinguished, or at least merged in the fee, and an assignment of the note and mortgage by the mortgagee, even for a valuable consideration, will not so far revive and give renewed vitality to the lien as to enable the assignee to enforce it by foreclosure.

3. Same—*assignment without consideration.* M., being indebted to W. in the sum of $5100, gave his note to W. in the sum of $6000, secured by a deed of trust on certain lots, as collateral security, when it was discovered that a mortgage given to M. on the lots was not satisfied of record, though, in fact, it had been paid by a conveyance of the lots to M. by the mortgagor. Instead of satisfying the mortgage of record, and for the purpose of perfecting the title to the property, M. made an assignment of such mortgage to W., without any change in the original agreement: *Held,* that the assignment, being without any new consideration, was a mere gratuity.

4. But where the assignor, in such case, made a covenant in the assignment as to the sum due under the mortgage, and of his right to make the same, it was *held,* the utmost that could be claimed was, that the assignee acquired, by the assignment, a right to hold the mortgage, as against the assignor, as a further security for the same indebtedness which the deed of trust was given to secure, and that on its satisfaction by foreclosure sale and redemption, the assignor was entitled to a return of the note and mortgage so assigned, and that the assignee, or one succeeding to his rights, with notice of the facts, had no right to foreclose such mortgage as against the assignor.

5. One W. gave his note of $5300 to M., secured by a mortgage containing a power of sale. W., becoming insolvent, conveyed the mort-

gaged premises to M. in payment of the debt, but the latter neglected to surrender the note and mortgage. Twelve years thereafter, being indebted to a bank in the sum of $5100, M. gave to the president of the bank his note of $6000, secured by a deed of trust as collateral security, and instead of entering satisfaction of the old mortgage, assigned the same to the president of the bank, covenanting in the assignment that there was due under the mortgage not less than $5300, and that he had a good right to assign the same, there being no consideration for such assignment, and delivered the same, as further collateral security for his debt, to the bank. The bank sold the $6000 note and delivered the collateral to G., who foreclosed the deed of trust, and the brother of G. became the purchaser of the property for the amount due on the $6000 note and costs, from which sale M. redeemed. G. thereupon foreclosed the mortgage of W. to M. by a sale of the property, and the brother of G. became the purchaser, having knowledge of the facts: *Held*, that the brother of G. was not a *bona fide* purchaser as against M., and that the sale under the mortgage was wrongfully made, and that the deed made on the second sale should be set aside as a cloud on his title.

APPEAL from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

Mr. ALLAN C. STORY, for the appellant.

Mr. H. S. MECARTNEY, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a bill in chancery, brought by John J. McDermid against Henry H. Gage, to set aside a sale of certain real estate under a power in a mortgage. The facts disclosed by the record are in substance as follows:

On the 4th day of October, 1876, Justin C. Waterman executed to the complainant his promissory note for $5300, payable one year after date, with ten per cent interest, and to secure the payment thereof, executed and delivered to the complainant a mortgage, with power of sale, on lots numbered from 21 to 26, in block 2, in E. E. Hundley's subdivision, etc., in Cook county. Afterward, and before the maturity of the note, Waterman, having failed in business and having become insolvent, for the purpose of paying and satisfying the

note and mortgage, executed to the complainant a quit-claim deed, bearing date March 20, 1877, conveying or intending to convey to him the property covered by the mortgage. There being some error in the description of the property in this deed, Waterman subsequently executed to the complainant another quit-claim deed for the purpose of correcting such error, that deed also bearing date March 20, 1877, but acknowledged June 28, 1883. These deeds were both duly recorded. At the date of the execution of the first of these deeds, Waterman was, and ever since that time has been a non-resident of this State. The deeds were transmitted by him to the complainant by mail, and the complainant, as it appears, though regarding the note as paid and satisfied, neglected to forward or surrender it to Waterman, but kept it in his own possession.

On or about April 23, 1889, which was a little more than twelve years after the payment of the note in the manner above stated, the complainant, being indebted to the Chicago National Bank, or to John R. Walsh, its president, in the sum of $5100, executed to the bank or to Walsh his promissory note for that sum, due one year after date, and arranged to execute and deliver, as collateral security thereto, his promissory note for $6000, and a trust deed to Charles H. Wood, as trustee, conveying the property above described. It seems that by the agreement, the complainant was to make a good title to the property, except as against certain tax deeds thereon held by Henry H. Gage. On causing the title of the property to be examined, Walsh discovered that, in addition to the tax deeds, the mortgage above described appeared to be still an outstanding incumbrance upon it. The complainant, on his attention being called to these facts, stated that he had the note and mortgage in his possession, but that they were paid and satisfied in full. At Walsh's request he produced them, and Walsh, as a part of the transaction, instead of having the note and mortgage cancelled and satisfied of

record, caused an assignment of the mortgage from the complainant to himself to be drawn up in the usual form, said paper also containing the following recital and covenant in relation to the note and mortgage: "And I do, for myself and my heirs, executors and administrators, covenant with the said party of the second part, his heirs, executors, administrators and assigns, that there is now actually due and owing on said promissory note and mortgage, in principal and interest, $5300, and I have good right to assign the same." This assignment was executed by the complainant under his hand and seal and duly acknowledged, and it, with the mortgage and note, were delivered to Walsh, at the same time and as a part of the same transaction in which the deed of trust and the $6000 note thereby secured were delivered. The evidence shows beyond question that no additional consideration was given by Walsh for the assignment of the note and mortgage, and that the only purpose for which the assignment was required was, to furnish further assurance of the complainant's title to the premises to be conveyed by the proposed deed of trust.

The indebtedness to which the $6000 note and deed of trust were deposited as collateral having matured and not being paid, a broker in the employ of Walsh sought to sell Walsh's collaterals to Henry H. Gage, the owner of the tax titles, but was referred by him to his brother, Augustus N. Gage, as one who might make the purchase. Negotiations were thereupon entered into with Augustus N. Gage which, on the 28th day of November, 1890, resulted in a sale to Gage of these collaterals, the amount paid by Gage therefor being the exact amount, principal and interest, then due on the $6000 note. That note and deed of trust were then assigned and delivered to Augustus N. Gage, and at the same time the Waterman note and mortgage were delivered to him.

The evidence tends to show, and the court below found, that in purchasing these securities, Augustus N. Gage merely rep-

resented his brother Henry H. Gage as his attorney; that Henry H. Gage furnished the money with which the purchase was made, and that, in the transaction, no consideration whatever was paid for the Waterman note and mortgage, and also that Henry H. Gage had actual notice of the conditions and terms upon which Walsh received and held the note and mortgage. It is true that, as to the facts thus found, there is considerable conflict in the evidence, it being insisted on the part of the Gages that Augustus N. Gage bought the securities for himself and with his own money; that the transaction was in fact a sale and assignment to him by Walsh of both the deed of trust and mortgage, and that neither he nor Henry H. Gage had any knowledge or notice, other than that appearing upon the face of the papers, of any of the circumstances relied upon by the complainant as affecting the validity of the mortgage, as a valid and subsisting security for the amount of money appearing to be due thereon.

As to the questions of fact thus presented, all we need say is, that the witnesses were examined in open court, and the chancellor therefore had an opportunity to see them and hear them testify, and was in a better position to judge of their relative credibility than we can be. But independently of that consideration, we have examined the record with care, and have reached the conclusion that the evidence sustains the findings of the decree in these respects.

On the 19th day of July, 1891, Augustus N. Gage filed his bill in chancery against the complainant and others, for a foreclosure of the deed of trust, and such proceedings were had, that on October 3, 1892, a decree of foreclosure and sale was rendered, under which the mortgaged premises were sold for the full amount of the decree, interest and costs, Henry H. Gage being the purchaser. From that sale, the complainant, on January 3, 1893, redeemed the premises, the amount of the redemption money paid by him being $7874.89. While the foreclosure suit was pending, Augustus N. Gage, without

actual notice to the complainant and without his knowledge, claiming to act under the power of sale in the Waterman mortgage, advertised the premises for sale, and on the 24th day of September, 1892, sold them under that mortgage to Henry H. Gage, and executed a mortgagee's deed purporting to convey the premises to him.

The court below by its decree found and held, in substance, that by the foreclosure sale under the deed of trust and the redemption by the complainant therefrom, the complainant became entitled to the return of the Waterman note and mortgage, and that Henry H. Gage took whatever interest was conveyed to him by the mortgage sale with notice of the complainant's rights in the premises. The court further found that the mortgagee's deed was a cloud upon the complainant's title which should be set aside and held for naught. It was accordingly decreed that the complainant, at the time of filing the present bill, was the owner of the premises in question in fee; that Henry H. Gage had no title or interest therein derived from the mortgagee's deed; that the sale under the mortgage be set aside and held for naught as against the complainant, his heirs and assigns, and that Henry H. Gage, and all persons claiming under him, be perpetually enjoined from asserting any title to or interest in the premises under the mortgagee's deed. From that decree, Henry H. Gage has appealed to this court.

Were it not for the complainant's covenant in his assignment of the Waterman note and mortgage to Walsh that there was $5300 then actually due on the note and mortgage, and that he had good right to assign the same, the case would be entirely without difficulty. At the date of the assignment, the note was many years past maturity, and the evidence is clear and uncontradicted that it had long before that time been paid and satisfied in full by the conveyance to the complainant of the property covered by the mortgage. The lien of the mortgage had thereby been extinguished, or at least

merged in the fee, and it is difficult to see how a mere assignment of the note and mortgage, even for a valuable consideration, could so far revive and give renewed vitality to the lien as to enable the assignee, or those claiming under him, to enforce it by foreclosure.

The evidence also shows beyond controversy that it was not within the contemplation of either the complainant or Walsh, at the time the assignment was made, to attempt to revive the note and mortgage with a view of having the same enforced as a lien upon the land. Both understood perfectly that the mortgage lien was extinguished or merged in the fee. But it having been discovered, upon examination of the title, that the mortgage had not been discharged of record, the assignment of the mortgage was adopted as the mode of curing the apparent defect in the title, and not with the view of vesting in Walsh an additional lien upon the land.

Nor was any additional consideration given by Walsh for the execution of the assignment. The $6000 note and deed of trust had been arranged for before Walsh had any knowledge of the existence of the Waterman mortgage, and by that deed, the indebtedness to which it was to be given as collateral would be fully and amply secured, provided the title to the property to be covered by the proposed deed of trust was found free from incumbrance. The examination of the title having brought to light the existence of the mortgage, no change was made in the arrangement already agreed upon, or in the consideration proceeding from Walsh. The assignment of the mortgage, except so far as it was intended as a mode of perfecting the title to the property, would therefore seem to be in fact a mere gratuity from the complainant to Walsh.

The defendant however insists that the complainant is estopped by his covenant to assert that, at the time the assignment of the mortgage to Walsh was executed, the Waterman note was paid and the lien of the mortgage extinguished, and that his admission thereby made that $5300

was then due on the note and mortgage must be held to be conclusive against him. If that be admitted, and we see no reason why it should not be, the utmost that can be claimed is, that Walsh acquired by the assignment, a right to hold the mortgage as a further collateral for the same indebtedness for which the deed of trust was deposited as security. But even upon that theory, the complainant only became bound to pay the principal indebtedness for which these collaterals were given, and upon making such payment, he would become entitled, at least as against Walsh, to the surrender of both collaterals.

Some attempt was made at the hearing to show that, at the time of these transactions, a much larger sum than $5100 was owing from the complainant to the Chicago National Bank or to Walsh, and that these securities were in fact deposited as collateral to such larger indebtedness, but the testimony of both the complainant and Walsh clearly establishes the contrary, and the same conclusion is fortified by the fact shown by the evidence, that after the sale by Walsh of the $6000 deed of trust for the full amount of principal and interest due thereon, Walsh accounted for and paid over to the complainant the difference between the sum thus realized and the amount appearing to be due upon the $5100 principal indebtedness.

Assuming, as we do, the correctness of the finding of the court that the transaction between Walsh and Augustus N. Gage was a sale and purchase of the $6000 note and deed of trust, Gage paying therefor the amount appearing to be then due thereon, and that the Waterman note and mortgage were transferred to Gage without consideration, and as a mere incident to the debt secured by the deed of trust, it follows that, as between Gage and the complainant, the principal indebtedness was that evidenced by the $6000 note, and that Gage, at most, was entitled to the Waterman note and mortgage only as collateral to such principal indebtedness. Especially

must this be held to be the case in view of the evidence tend-
ing to show that Gage took these securities charged with
notice of the way in which Walsh obtained and held them.

Such being Gage's rights, there can be no doubt that the
satisfaction of the $6000 note by the foreclosure sale and re-
demption, entitled the complainant to a return and surrender
of the Waterman note and mortgage. As has already been
stated, after the commencement of the foreclosure suit and
while it was pending, Augustus N. Gage went through the
forms of foreclosing the Waterman mortgage by advertising
and selling the premises under the power of sale, Henry H.
Gage being the purchaser. After such sale, however, the fore-
closure of the deed of trust was prosecuted and a final decree
obtained for the full amount of the $6000 note, with interest
and costs, no credit being given for the amount realized from
the sale under the mortgage, and the premises were again sold
for the full amount of the decree, Henry H. Gage also being
the purchaser at that sale. Henry H. Gage, as the evidence
shows, was the real owner of the securities before foreclosure,
and being charged with notice of the complainant's rights,
his becoming the purchaser at these sales does not entitle him,
as against the complainant, to the position of a *bona fide* pur-
chaser for value. By the sale under the foreclosure decree
and the redemption therefrom, the $6000 note, which, as
between the present parties, constituted the principal indebt-
edness, was paid and satisfied in full, and the complainant
thereby became entitled, as against Henry H. Gage and his
attorney, to the surrender of such title as was acquired by
him under the mortgage sale. The decree, by perpetually
enjoining Gage and all persons claiming under him from
asserting any title to or interest in the mortgaged premises
under the mortgagee's deed, has practically accomplished that
result. The decree, in our opinion, is warranted by the evi-
dence, and it will be affirmed.

*Decree affirmed.*